IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **JORETTA WILLIAMS,** | § |
| | § |
| PLAINTIFF, | § |
| | § |
| v. | § |
| | § CIVIL ACTION NO. _____ |
| **WAL-MART STORES TEXAS, LLC,** | § |
| **WALMART INC., WIN-HOLT,** | § |
| **CANNON EQUIPMENT, AND** | § |
| **NATIONAL CART CO.,** | § |
| | § |
| DEFENDANTS. | § |

## NOTICE OF REMOVAL

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, WAL-MART STORES TEXAS, LLC, and WALMART INC. (incorrectly named party) ("Defendants"), two of the Defendants in the above-entitled and numbered cause and files this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1332.

## I.
## INTRODUCTION

1. Pursuant to 28 U.S.C. § 1441, et seq., this civil action is removed from the 355th Judicial District Court, Hood County, Texas, where this matter was pending under Cause No. C2024139, in a matter styled *Joretta Williams v. Wal-Mart Stores Texas, LLC, Walmart Inc., Win-Holt, Cannon Equipment, and National Cart Co.* (the "State Court Action").

2. The monetary amount in controversy as pled by Plaintiff exceeds $75,000. *See* Plaintiff's Original Petition, at § III.

3. In addition, Plaintiff is a citizen of and domiciled in the State of Texas with her last known address being 1146 Private Rd. 30, Rainbow, Texas 76077. Defendants have no evidence that indicates Plaintiff does not intend to remain in the State of Texas.

4. Defendant Wal-Mart Stores Texas, LLC is the proper Walmart entity in this case and is a citizen of Delaware and Arkansas.

5. Defendant Win-Holt Equipment Corp. ("Win-Holt") is a corporation registered in the state of New York and headquartered in New York.

6. Defendant Cannon Equipment, LLC ("Cannon") is a domestic limited liability company incorporated in the state of Minnesota with its principal place of business in Minnesota.

7. Defendant National Cart Company ("National Cart") is a domestic limited liability company incorporated in the state of Missouri and headquartered in Missouri.

8. Defendants Win-Holt, Cannon, and National Cart have been misjoined to this lawsuit and should be dismissed.

## II.
## NATURE OF THE SUIT

9. Plaintiff brings this lawsuit under theories of negligence, gross negligence, and *respondeat superior* based on Plaintiff's alleged personal injury on Defendant Wal-Mart Stores Texas, LLC's premises. *See* Plaintiff's Original Petition, at ¶¶ VIII, A - C. Plaintiff alleges that on or about August 4, 2023, she was shopping when an employee failed to pay attention and hit Plaintiff with an Online Grocery Pickup Cart causing Plaintiff to sustain physical injuries. *Id*. at ¶ VII, lines 4 - 8.

10. Defendants timely filed their Original Answer, denying Plaintiff's allegations and asserting their affirmative defenses. *See* Defendants' Original Answer.

11. Defendants National Cart, Win-Holt, and Cannon Equipment also timely filed their Original Answer. *See* Defendant National Cart, Win-Holt, and Cannon Equipment's Original Answer, respectively.

## III.
## TIMELINESS OF REMOVAL

12. Plaintiff commenced this lawsuit by filing her Original Petition on May 22, 2024. Defendant Wal-Mart Stores Texas, LLC accepted service on May 24, 2024, through its agent, CT Corporation System. This removal is timely because it is filed within 30 days after Defendant was served. 28 U.S.C. § 1446.[1]

## IV.
## BASIS FOR REMOVAL JURISDICTION

13. Removal is proper under 28 U.S.C. §§ 1441 and 1332 because there is complete diversity of citizenship between Plaintiff and Defendants Wal-Mart Stores Texas, LLC, Cannon Equipment, Win-Holt, and National Cart Company, and the amount in controversy allegedly exceeds $1,000,000.00, exclusive of interest and costs.

14. Plaintiff is domiciled in the state of Texas with her last known address being 1146 Private Rd. 30, Rainbow, Texas 76077 and is therefore a citizen of Texas. To Defendant Wal-Mart Stores Texas, LLC's knowledge and belief, Plaintiff intends to remain in the state of Texas.

*A.    Citizenship of Wal-Mart Stores Texas, LLC*

15. Plaintiff sued Defendant Wal-Mart Stores Texas, LLC, incorrectly named Wal-Mart, Inc. Defendant Wal-Mart Stores Texas, LLC is now and was at the time of filing of this action a Delaware Limited Liability Company with its principal place of business in Arkansas.

---

[1] Per Federal Rule of Civil Procedure 6(a)(1)(C), if the last day of a period falls on a legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

The citizenship of an LLC is the same as the citizenship of all of its members. *Harvey v. Grey Wolf Drilling, Co.,* 542 F.3d 1077, 1080 (5th Cir. 2008). Wal-Mart Real Estate Business Trust is the sole member of Wal-Mart Stores Texas, LLC.

16. Wal-Mart Real Estate Business Trust is a statutory business trust organized under the laws of the State of Delaware with its principal place of business in Arkansas. The citizenship of a statutory trust is the citizenship of its members, which includes its shareholders. *Americold Realty Tr. v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1016 (2016); *Bynane v. Bank of New York Mellon for CWMBS, Inc. Asset-Backed Certificates Series 2006-24*, 866 F.3d 351, 358 (5th Cir. 2017); *U.S. Bank Tr., N.A. v. Dupre, 615CV0558LEKTWD*, 2016 WL 5107123, at *4 (N.D.N.Y. Sept. 20, 2016) (finding that a Delaware statutory trust "seems precisely like the type [of trust] considered by the Supreme Court in *Americold*"). The sole unit/shareholder of Wal-Mart Real Estate Business Trust is Wal-Mart Property Co.

17. A corporation is "'a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.'" *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019) (quoting 28 U.S.C. § 1332(c)(1)). Wal-Mart Property Co. is an incorporated entity under the laws of the State of Delaware with its principal place of business in Arkansas. Therefore, Wal-Mart Property Co. is a citizen of Delaware and Arkansas. Wal-Mart Property Co. is also a wholly owned subsidiary of Wal-Mart Stores East, LP.

18. Wal-Mart Stores East, LP is a Delaware limited partnership. The citizenship of a limited partnership, for diversity jurisdiction purposes, is based upon the citizenship of each of its partners. *Harvey,* 542 F.3d at 1079. WSE Management, LLC is the general partner of Wal-Mart Stores East, LP, and WSE Investment, LLC is the limited partner. The citizenship of these LLCs

is determined by the citizenship of each of its members. *See id.* at 1080. The sole member of WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC (f/k/a Wal-Mart Stores East, Inc.).

19. Wal-Mart Stores East, LLC is a limited liability company formed under the laws of the State of Arkansas and has its principal place of business in Arkansas. The citizenship of an LLC is the same as the citizenship of all of its members. *Id.* The sole member of Wal-Mart Stores East, LLC is Walmart Inc. (f/k/a Wal-Mart Stores, Inc.).

20. Wal-Mart Inc. is an incorporated entity under the laws of the State of Delaware and has its principal place of business in Arkansas. Therefore, Wal-Mart Inc. is a citizen of Delaware and Arkansas. *See MidCap Media Fin., L.L.C.*, 929 F.3d at 314.

21. Accordingly, for diversity purposes, Defendant Wal-Mart Stores Texas, LLC is a citizen of Delaware and Arkansas.

**B.  *Citizenship of Win-Holt Equipment Corp.***

22. Win-Holt is a domestic business corporation and an incorporated entity under the laws of the state of New York with its principal place of business in New York. Therefore, Win-Holt Equipment Corp. is a citizen of New York. *See MidCap Media, supra,* 929 F.3d at 314.

**C.  *Citizenship of Cannon Equipment.***

23. Cannon Equipment is a domestic business corporation and an incorporated entity under the laws of the state of Minnesota with its principal place of business in Minnesota Therefore, Win-Holt Equipment Corp. is a citizen of Minnesota. *See MidCap Media, supra,* 929 F.3d at 314.

### D.     *Citizenship of National Cart Company.*

24.     National Cart Co. is a domestic business corporation and an incorporated entity under the laws of the state of Missouri with its principal place of business in Missouri. Therefore, National Cart Co. is a citizen of Missouri. *See MidCap Media, supra,* 929 F.3d at 314.

### E.     *Amount in Controversy*

25.     Plaintiff seeks past and future medical expenses; past and future loss of earning capacity; past and future physical pain; past and future mental anguish; past and future disfigurement; past and future physical impairment; pre and post judgment interest; court cost; and all other relief, in law and in equity, to which this Plaintiff may be entitled. *See* Plaintiff's Original Petition, ¶¶ IX, XI.

26.     Plaintiff seeks monetary relief of over $1,000,000.00. *Id.* at ¶¶ III. Thus, the amount in controversy exceeds $75,000 the jurisdictional minimum for removal to this Court.

## V.
## MISJOINDER

27.     Defendants Win-Holt Equipment Corp., Cannon Equipment, and National Cart Company are improperly joined in this case and should be dismissed. Misjoinder occurs when the events that give rise to the plaintiff's claims against the defendants (1) do no stem from the same transaction or occurrence, or (2) there is no common question of law or fact. *DirecTV, Inc. v. Leto*, 467 F.3d 842, 844 (3d Cir.2006); *see* Fed. R. Civ. P. 20(a), 21; *Wells Fargo Bank, N.A. v. American Gen. Life Ins. Co.*, 670 F. Supp.2d 555, (N.D. Tex. Nov. 18, 2009). Defendant Wal-Mart Stores Texas, LLC alleges the inability of Plaintiff to establish a cause of action against Win-Holt Equipment Corp., Cannon Equipment, and National Cart Company because there is no alleged event that gives rise to Plaintiff's claims stemming from a transaction or occurrence by Win-Holt Equipment Corp., Cannon Equipment, and National Cart Company.

28. Plaintiff's Original Petition fails to allege any facts sufficient to bring a claim against Win-Holt Equipment Corp., Cannon Equipment, or National Cart Company separate from the allegations made against Defendant Walmart. *See* Plaintiff's Original Petition, ¶¶ VII, VIII. In addition, Plaintiff's Original Petition does not allege a breach of any independent duty of care against Win-Holt Equipment Corp., Cannon Equipment, or National Cart Company, separate and apart from the duty allegedly breached by Defendant Walmart. S*ee* Plaintiff's Original Petition, at ¶ VIII. As such the claims against Win-Holt Equipment Corp., Cannon Equipment, and National Cart Company should be dismissed.

## VI.
## THIS NOTICE IS PROCEDURALLY CORRECT

29. Based on the aforementioned facts, the State Court Action may be removed to this Court by Defendant Wal-Mart Stores Texas, LLC in accordance with the provisions of 28 U.S.C. § 1441(a) because: (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Northern District of Texas; (ii) this action is between citizens of different states; and (iii) the amount in controversy exceeds $75,000.00, exclusive of interest and costs as specifically plead in Plaintiff's Original Petition.

30. Defendant Wal-Mart Stores Texas, LLC has attached to this Notice of Removal the documents required by 28 U.S.C. § 1446 as follows:

    A.    Docket Sheet in the State Court Action;
    B.    Index of all documents filed in the State Court Action;
    C.    Copies of all process, pleadings and orders filed in State Court.

31. Defendant Wal-Mart Stores Texas, LLC also is filing with the Notice of Removal a completed Civil Cover Sheet, and a Supplemental Civil Cover Sheet.

32. Defendant Wal-Mart Stores Texas, LLC retains the right to supplement the jurisdictional allegations by affidavit, declaration, or otherwise should Plaintiff challenge the allegations in a motion to remand or other filing or should the Court raise questions concerning jurisdictional allegations *sua sponte*.

33. In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to all parties and to the Clerk of 355th Judicial District Court, Hood County, Texas, where this matter was pending under Cause No. C2024139, in a matter styled *Joretta Williams v. Wal-Mart Stores Texas, LLC, Walmart Inc., Win-Holt, Cannon Equipment, and National Cart Co.*

34. A jury trial has been demanded in the State Court Action by Plaintiff.

35. Trial has not commenced in the 355th Judicial District Court, Hood County, Texas.

## VII.
## CONCLUSION

36. Because diversity jurisdiction exists over Plaintiff's claims as set forth in Plaintiff's Original Petition, Defendant Wal-Mart Stores Texas, LLC desires and is entitled to remove the lawsuit filed in the 355th Judicial District Court, Hood County, Texas to the United States District Court for the Northern District of Texas, Fort Worth Division.

**WHEREFORE, PREMISES CONSIDERED**, Defendants file this Notice of Removal pursuant to and in conformance with the statutory requirements, and removes this action from the 355th Judicial District Court, Hood County, Texas.

**FURTHER**, Defendants pray that Plaintiff take nothing by this suit against Defendants, that Defendants be discharged, and that the Court grant such other and further relief, both general and special, at law and in equity to which Defendants may be justly entitled.

Respectfully submitted,

**COOPER & SCULLY, P.C.**

By: */s/ Derek S. Davis*
    **DEREK S. DAVIS**
    Texas Bar No. 00793591
    Email:  Derek.Davis@CooperScully.com
    **CLARISSA A. PRICE**
    Texas Bar No. 24082450
    Email:  Clarissa.Price@cooperscully.com

900 Jackson Street, Suite 100
Dallas, Texas 75202
Telephone: (214) 712-9500
Facsimile:  (214) 712-9540

**ATTORNEYS FOR DEFENDANTS
WAL-MART STORES TEXAS, LLC
AND WALMART INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of June 2024, a true and correct copy of the foregoing document was served on counsel of record *via* the Court's ECF filing service.

    */s/ Derek S. Davis*
    **DEREK S. DAVIS**