IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JORETTA WILLIAMS<br><br>    Plaintiff,<br><br>v.<br><br>WAL-MART STORES TEXAS, LLC, WALMART INC., WIN-HOLT, CANNON EQUIPTMENT, AND NATIONAL CART CO.<br><br>    Defendants. | CIVIL ACTION NO. 4:24-cv-00583-P |

## DEFENDANT WIN-HOLT'S ORIGINAL ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

1.   NOW COMES Defendant, Win-Holt ("Defendant"), by and through its undersigned attorney, and files this Answer to Plaintiff Joretta Williams' ("Plaintiff") First Amended Complaint and in support thereof state as follows:

**I.**

2.   First Amended Complaint Paragraph 2 states a legal conclusion to which no response is required. However, Defendant admits the allegations of paragraph 2.

**II.**

3.   As to First Amended Complaint Paragraph 3, Defendant admit only that Plaintiff has requested and/or demanded a trial by jury.

**III.**

4.   Defendant admits the allegations in First Amended Complaint paragraph 4.

**IV.**

5.   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in First Amended Complaint paragraph 5.

6. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in First Amended Complaint paragraph 6.

7. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in First Amended Complaint paragraph 7.

8. Defendant the allegations in First Amended Complaint paragraph 8.

9. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in First Amended Complaint paragraph 8.

10. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in First Amended Complaint paragraph 9.

## V.

11. First Amended Complaint Paragraph 11 states a legal conclusion to which no response is required. However, Defendant admits the allegations of paragraph 11.

12. First Amended Complaint Paragraph 12 states a legal conclusion to which no response is required. However, Defendant admits the allegations of paragraph 12.

## VI.

13. Defendant admits allegation of First Amended Complaint paragraph 13.

14. Defendant admits allegation of First Amended Complaint paragraph 14.

## VII.

15. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in First Amended Complaint paragraph 15.

16. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in First Amended Complaint paragraph 16.

## VIII.

17. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in First Amended Complaint paragraph 17.

18. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in First Amended Complaint paragraph 18.

19. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in First Amended Complaint paragraph 19.

20. Defendant denies the allegations in First Amended Complaint paragraph 20.

21. Defendant denies the allegations in First Amended Complaint paragraph 21, including the following.

   a. Defendant denies the allegations of paragraph 21.a.

   b. Defendant denies the allegations of paragraph 21.b.

   c. Defendant denies the allegations of paragraph 21.c.

   d. Defendant denies the allegations of paragraph 21.d.

   e. Defendant denies the allegations of paragraph 21.e.

   f. Defendant denies the allegations of paragraph 21.f.

   g. Defendant denies the allegations of paragraph 21.g.

   h. Defendant denies the allegations of paragraph 21.h.

   i. Defendant denies the allegations of paragraph 21.i.

   j. Defendant denies the allegations of paragraph 21.j.

   k. Defendant denies the allegations of paragraph 21.k.

   l. Defendant denies the allegations of paragraph 21.l

   m. Defendant denies the allegations of paragraph 21.m.

   n. Defendant denies the allegations of paragraph 21.n.

   o. Defendant denies the allegations of paragraph 21.o.

   p. Defendant denies the allegations of paragraph 21.p.

   q. Defendant denies the allegations of paragraph 21.q.

      r.      Defendant denies the allegations of paragraph 21.r.

22.      Defendant denies the allegations in First Amended Complaint paragraph 22.

23.      Defendant denies the allegations in First Amended Complaint paragraph 23.

24.      Defendant denies the allegations in First Amended Complaint paragraph 24.

25.      Defendant denies the allegations in First Amended Complaint paragraph 25.

26.      Defendant denies the allegations in First Amended Complaint paragraph 26.

## IX.

27.      First Amended Complaint paragraph 27 states a legal conclusion to which no response is required. However, Defendant denies the allegations of paragraph 27.

## X.

28.      First Amended Complaint paragraph 27 states a legal conclusion to which no response is required. However, Defendant denies the allegations of paragraph 28.

## XI.

29.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 29. However,

      a.      Defendant denies the allegations of paragraph 29a.

      b.      Defendant denies the allegations of paragraph 29b.

      c.      Defendant denies the allegations of paragraph 29c.

      d.      Defendant denies the allegations of paragraph 29d.

      e.      Defendant denies the allegations of paragraph 29e.

      f.      Defendant denies the allegations of paragraph 29f.

30.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 30.

## XII.

31.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 31, which is a duplicate of paragraph 30.

## XIII.

32. First Amended Complaint paragraph 32 states a legal conclusion to which no response is required.

## XIV.

33. First Amended Complaint paragraph 33 states a legal conclusion to which no response is required.

## XV.

34. First Amended Complaint paragraph 34 states a legal conclusion to which no response is required.

35. First Amended Complaint paragraph 35 states a legal conclusion to which no response is required.

## XVI.

## AFFIRMATIVE DEFENSES

36. Defendant would show that the negligence of the Plaintiff was the sole, or a partial, proximate cause of the accident and the injuries and damages alleged by Plaintiff. Pursuant to Chapter 33, Texas Civil Practice and Remedies Code, Defendant invokes the doctrine of comparative responsibility and would show that Defendant is entitled to an issue submitted to the jury on the comparative responsibility of Plaintiff who/which caused, contributed or was responsible for this accident and the injuries and damages alleged by Plaintiff.

37. Some or all of Plaintiff's alleged injuries and damages are the result of pre-existing and/or subsequently occurring bodily injuries, ailments, conditions, or stressors unrelated to the incident that is the basis of this lawsuit.

38. Defendant would show that Plaintiff failed to act as a person of ordinary prudence would have done under the same or similar circumstances in caring for and treating the injuries of Plaintiff, if any, that resulted from this accident and/or in failing to mitigate the damages, if any, of Plaintiff.

39. Defendant specifically contends, in accordance with Texas Civil Practice and Remedies Code §41.0105, as interpreted by the Texas Supreme Court in *Aaron Glenn Haygood, Petitioner v. Margarita Garza De Escabedo, Respondent* (Tex. Sup. Ct. 2011), that recovery by Plaintiff of past medical or health care expenses, if any, that incurred in the accident identified in Plaintiff's Petition, and the relevant evidence of past medical and healthcare expenses, if any, that incurred in the accident identified in Plaintiff's Petition, is limited to amount(s) actually paid or incurred by, or on behalf of, the Plaintiff.

40. Defendant seeks the protection of any statute and/or law which caps, restricts, limits or modifies the amount of monetary damages which might be awarded against Defendant in connection with this lawsuit, including but not limited to those outlined in Texas Rules of Civil Procedure §41.004, 41.008.

41. Defendant further asserts that Plaintiff's claim for exemplary damages is in direct contravention of, and is in violation of, the Constitution of the United States and the Constitution of the State of Texas, and the imposition of exemplary damages against Defendant would be fundamentally unfair as any award of exemplary damages would be arbitrary, unreasonable, excessive and in violation of Defendant's right to due process of law and equal protection under the law under the Fifth, Eight, and Fourteenth Amendments of the United States Constitution, and Article 1, §3, 13 and 19, of the Texas Constitution. While stating that Defendant as a matter of law cannot be liable herein for exemplary or punitive damages, in the unlikely event such damages are assessed, they are subject to statutory provisions, limitations, and caps set forth in Texas Civil Practice and Remedies Code Chapter 41.

42. Defendant further asserts the defense of mitigation of damages in response to the claim for gross negligence and exemplary damages.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Win-Holt prays upon final hearing of this cause, the Court enter judgment that Plaintiff takes, nothing of and from Defendant, assess costs and attorneys' fees against Plaintiff, and award Defendant all other and further relief, both general and special, legal or equitable, to which Defendant may be justly entitled.

Respectfully submitted,

CARRIE L. GARCIA SANDERS
TX State Bar No. 24040948
Email: Carrie.GarciaSanders@meaderslaw.com
KURT W. MEADERS
Texas Bar No. 13879900
Email: Kmeaders@meaderslaw.com
MEADERS & ALFARO
ATTORNEYS AT LAW
5400 Lyndon B Johnson Fwy, Suite 710
Dallas, Texas 75240
Telephone: (214) 721-6210
Direct Dial: (214) 721-6245
Facsimile: (214) 721-6289
Eservice: Efiling@meaderslaw.com

ATTORNEYS FOR DEFENDANT
WIN-HOLT

## CERTIFICATE OF SERVICE

I hereby certify that on the 26 July 2024, a true and correct copy of the foregoing document was served on counsel of record *via* the Court's ECF filing service.

CARRIE L. GARCIA SANDERS