IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JORETTA WILLIAMS, § § § § § § § § § § § § § | |
| PLAINTIFF, | |
| v. | |
| | CIVIL ACTION NO. 4:24-cv-00583-P |
| WAL-MART STORES TEXAS, LLC, WALMART INC., WIN-HOLT, CANNON EQUIPMENT, AND NATIONAL CART CO., | |
| DEFENDANTS. | |

**DEFENDANT CANNON EQUIPMENT'S ORIGINAL ANSWER
TO PLAINTIFF'S AMENDED COMPLAINT**

**TO THE HONORABLE UNITED STATES JUDGE OF SAID COURT:**

1. COMES NOW, Defendant Cannon Equipment ("Defendant" or "Cannon"), and files this Answer to *Plaintiffs' First Amended Original Petition* filed on July 1, 2024 (the "First Amended Complaint") and would respectfully show the Court as follows:

## I.   DISCOVERY CONTROL PLAN

2. First Amended Complaint paragraph 2 states a legal conclusion to which no response is required. However, without admitting liability and expressly denying same, Defendant admits the allegations of paragraph 2.

## II.   JURY TRIAL

3. As to First Amended Complaint Paragraph 3, without admitting liability and expressly denying same, Defendant admits only that Plaintiff has requested and/or demanded a trial by jury.

## III.  RULE 47 PLEADING REQUIREMENTS

4. Without admitting liability and expressly denying same, Defendant admits the allegations in First Amended Complaint Paragraph 4.

## IV.  PARTIES

5. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in First Amended Complaint paragraph 5.

6. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in First Amended Complaint Paragraph 6.

7. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in First Amended Complaint Paragraph 7.

8. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in First Amended Complaint Paragraph 8.

9. Without admitting liability and expressly denying same, Defendant admits the allegations in Paragraph 9.

10. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in First Amended Complaint Paragraph 10.

## V.  ASSUMED NAMES, AGENTS, AND EMPLOYEES

11. First Amended Complaint Paragraph 11 states a legal conclusion to which no response is required. However, Defendant denies the allegations of paragraph 11.

12. First Amended Complaint Paragraph 12 states a legal conclusion to which no response is required. However, Defendant denies the allegations of Paragraph 12.

## VI.   JURISDICTION AND VENUE

13. Without admitting liability and expressly denying same, Defendant admits allegations of First Amended Complaint Paragraph 13. Specifically, Defendant admits that this Court has jurisdiction over the lawsuit pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000.00.

14. Without admitting liability and expressly denying same, Defendant admits allegation of First Amended Complaint Paragraph 14.

## VII.   FACTS

15. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in First Amended Complaint Paragraph 15.

16. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in First Amended Complaint Paragraph 16. However, Defendant specifically denies Plaintiff's allegation in Paragraph 16 that "the manufacturers, designers, and providers of the OGP cart which knowing the cart would be incolved [sic] in collsison [sic] failed to cosntruct [sic] it or design [sic] it with any safety materials or features," to the extent that Plaintiff alleges that Defendant is a manufacturer, designer, and provider of the OGP cart. Defendant further specifically denies that Defendant is a manufacturer, designer, and provider of the OGP cart as defined in Plaintiff's First Amended Complaint.

## VIII.   CAUSES OF ACTION

**A. COUNT 1. NEGLIGENCE (NEGLIGENT ACTIVITY) – DEFENDANT WAL-MART STORES TEXAS, LLC**

17. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in First Amended Complaint Paragraph 17.

**B. COUNT 2. NEGLIGENCE (NEGLIGENT PRODUCTS LIABILITY) – DEFENDANTS WIN-HOLT, CANNON EQUIPMENT AND NATIONAL CART CO.**

18. Defendant denies all allegations against Cannon in the First Amended Complaint Paragraph 18. However, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations against Win-Holt and National Cart in First Amended Complaint Paragraph 18.

19. Defendant denies all allegations against Cannon in the First Amended Complaint Paragraph 19. However, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations against Win-Holt and National Cart in First Amended Complaint Paragraph 19.

20. Defendant denies all allegations in the First Amended Complaint Paragraph 20.

21. Defendant denies all allegations against Cannon in the First Amended Complaint Paragraph 21. However, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations against Win-Holt and National Cart in the First Amended Complaint Paragraph 21. Similarly,

   a. Defendant denies all allegations in First Amended Complaint Paragraph 21.a.
   b. Defendant denies all allegations in First Amended Complaint Paragraph 21.b.
   c. Defendant denies all allegations in First Amended Complaint Paragraph 21.c.
   d. Defendant denies all allegations in First Amended Complaint Paragraph 21.d.
   e. Defendant denies all allegations in First Amended Complaint Paragraph 21.e.
   f. Defendant denies all allegations in First Amended Complaint Paragraph 21.f.
   g. Defendant denies all allegations in First Amended Complaint Paragraph 21.g.
   h. Defendant denies all allegations in First Amended Complaint Paragraph 21.h.

      i. Defendant denies all allegations in First Amended Complaint Paragraph 21.i.

      j. Defendant denies all allegations in First Amended Complaint Paragraph 21.j.

      k. Defendant denies all allegations in First Amended Complaint Paragraph 21.k.

      l. Defendant denies all allegations in First Amended Complaint Paragraph 21.l.

      m. Defendant denies all allegations in First Amended Complaint Paragraph 21.m.

      n. Defendant denies all allegations in First Amended Complaint Paragraph 21.n.

      o. Defendant denies all allegations in First Amended Complaint Paragraph 21.o.

      p. Defendant denies all allegations in First Amended Complaint Paragraph 21.p.

      q. Defendant denies all allegations in First Amended Complaint Paragraph 21.q.

      r. Defendant denies all allegations in First Amended Complaint Paragraph 21.r.

22. Defendant denies all allegations in First Amended Complaint Paragraph 22.

### C. COUNT 3. STRICT LIABILITY – DEFENDANTS WIN-HOLT, CANNON EQUIPMENT AND NATIONAL CART CO.

23. Defendant denies all allegations in First Amended Complaint Paragraph 23.

24. Defendant denies all allegations in First Amended Complaint Paragraph 24.

25. Defendant denies all allegations in First Amended Complaint Paragraph 25.

### D. COUNT 3. STRICT LIABILITY – DEFENDANTS WIN-HOLT, CANNON EQUIPMENT AND NATIONAL CART CO.

26. Defendant denies all allegations in First Amended Complaint Paragraph 26.

### IX.  JOINT AND SEVERAL LIABILITY

27. First Amended Complaint Paragraph 27 states a legal conclusion to which no response is required. However, Defendant denies the allegations of Paragraph 27.

## X.     ALTERNATIVE LIABILITY: CART DEFENDANTS

28.     First Amended Complaint Paragraph 28 states a legal conclusion to which no response is required. However, Defendant denies the allegations of paragraph 28.

## XI.     DAMAGES

29.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 29. However,

   a. Defendant denies the allegations of paragraph 29.a.
   b. Defendant denies the allegations of paragraph 29.b.
   c. Defendant denies the allegations of paragraph 29.c.
   d. Defendant denies the allegations of paragraph 29.d.
   e. Defendant denies the allegations of paragraph 29.e.
   f. Defendant denies the allegations of paragraph 29.f.

30.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30.

## XII.     AGGRAVATION

31.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 31, which is a duplicate of paragraph 30.

## XIII.     U.S. LIFE TABLES

32.     First Amended Complaint paragraph 32 states a legal conclusion to which no response is required.

## XIV.     INTENT TO USE DEFENDANTS' DOCUMENTS

33.     First Amended Complaint paragraph 33 states a legal conclusion to which no response is required.

## XV. RELIEF SOUGHT

34. First Amended Complaint paragraph 34 states a legal conclusion to which no response is required.

35. First Amended Complaint paragraph 34 states a legal conclusion to which no response is required.

## XVI. DEFENDANT'S AFFIRMATIVE DEFENSES

36. Defendant generally and specifically denies each and every allegation contained in Plaintiff's Amended Complaint other than those specifically admitted above.

37. Defendant denies that its agents and/or employees committed any error, omission, or negligent act.

38. Plaintiff's claims are barred or subject to reduction under the doctrine of comparative negligence and/or contributory negligence, taking into account the comparative fault of Plaintiffs, other defendants, and any third parties. Pursuant to Chapter 33, Texas Civil Practice and Remedies Code, Defendant invokes the doctrine of comparative responsibility and would show that Defendant is entitled to an issue submitted to the jury on the comparative responsibility of Plaintiff who/which caused, contributed or was responsible for this accident and the injuries and damages alleged by Plaintiff.

39. Some or all of Plaintiff's alleged injuries and damages are the result of pre-existing and/or subsequently occurring bodily injuries, ailments, conditions, or stressors unrelated to the incident that is the basis of this lawsuit.

40. Defendant would show that Plaintiff failed to act as a person of ordinary prudence would have done under the same or similar circumstances in caring for and treating the injuries of

Plaintiff, if any, that resulted from this accident and/or in failing to mitigate the damages, if any, of Plaintiff.

41. Plaintiff's claims are barred because any damages suffered by Plaintiff, which Defendant specifically denies, were proximately caused by third parties not under the control of Defendant.

42. Plaintiff's claims are barred in whole or in part to the extent the negligent acts or omissions of Plaintiff caused or contributed to Plaintiff's alleged damages.

43. Plaintiff's claims are barred because any damages suffered by Plaintiff, which Defendant specifically denies, were proximately caused by an intervening and superseding cause.

44. Defendant specifically contends, in accordance with Texas Civil Practice and Remedies Code §41.0105, as interpreted by the Texas Supreme Court in *Haygood v. De Escabedo,* 356 S.W.3d 390, 391 (Tex. 2011), that recovery by Plaintiff of past medical or health care expenses, if any, that incurred in the accident identified in Plaintiff's Petition, and the relevant evidence of past medical and healthcare expenses, if any, that incurred in the accident identified in Plaintiff's Petition, is limited to amount(s) actually paid or incurred by, or on behalf of, the Plaintiff.

45. Defendant seeks the protection of any statute and/or law which caps, restricts, limits or modifies the amount of monetary damages which might be awarded against Defendant in connection with this lawsuit, including but not limited to those outlined in Texas Rules of Civil Procedure §41.004, 41.008.

46. Plaintiff has failed to state a claim for which relief may be granted.

47. Plaintiff's prayer for punitive and/or exemplary damages violates the U.S. Constitution's Eighth Amendment prohibition of the imposition of excessive fines and penalties.

the imposition of exemplary damages against Defendant would be fundamentally unfair as any award of exemplary damages would be arbitrary, unreasonable, excessive and in violation of Defendant's right to due process of law and equal protection under the law under the Fifth, Eight, and Fourteenth Amendments of the United States Constitution, and Article 1, §3, 13 and 19, of the Texas Constitution. While stating that Defendant as a matter of law cannot be liable herein for exemplary or punitive damages, in the unlikely event such damages are assessed, they are subject to statutory provisions, limitations, and caps set forth in Texas Civil Practice and Remedies Code Chapter 41.

48.  The claim for punitive damages in Plaintiff's First Amended Complaint is without support in either the law or facts and is made wantonly and without cause solely for the purpose of harassment and intimidation.

49.  Defendant further asserts the defense of mitigation of damages in response to the claim for gross negligence and exemplary damages.

50.  Should there be any material allegation(s) which Defendant has not denied herein, and which would adversely affect its rights, Defendant here and now denies same and demands strict proof thereof at the time of trial.

51.  Defendant reserves the right to amend its answer and affirmative defenses if investigation, discovery, or additional information warrants an amendment.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Cannon Equipment prays that Plaintiff take nothing by way of Plaintiff's Amended Complaint and that judgment be entered in Defendant Cannon Equipment's favor and any additional relief as the Court deems just and proper.

Respectfully submitted,

/s/ *Linda M. Haddad*
**BARRY L. HARDIN**
Texas Bar No. 08961900
Email: bhardin@wslawpc.com
**LINDA M. HADDAD**
Texas Bar No. 24086743
Email: lhaddad@wslawpc.com
**WADDELL SERAFINO GEARY RECHNER JENEVEIN, P.C.**
1717 Main Street, 25th Floor
Dallas, Texas 75201
(214) 979-7400 – Telephone
(214) 979-7402 – Facsimile

**ATTORNEYS FOR DEFENDANT CANNON EQUIPMENT**

### CERTIFICATE OF SERVICE

On July 26, 2024, I electronically submitted the foregoing document with the Clerk of Court for the U.S. District Court, Northern District of Texas, using the electronic case filing system. I hereby certify that I have served a true and correct copy of the foregoing document on all counsel of record electronically or by another manner authorized by Federal Rule of civil Procedure 5(b)(2).

/s/ *Linda M. Haddad*
**LINDA M. HADDAD**