## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **JORETTA WILLIAMS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:24-CV-00583-P** |
| | § | |
| **WAL-MART STORES TEXAS, LLC,** | § | |
| **WALMART INC., WIN-HOLT,** | § | |
| **CANNON EQUIPMENT, AND** | § | |
| **NATIONAL CART CO.,** | § | |
| | § | |
| **Defendants.** | § | |

## PLAINTIFF'S THIRD AMENDED ORIGINAL PETITION

1.    Plaintiff Joretta Williams ("Plaintiff") files this Original Petition complaining of Defendants Wal-Mart Stores Texas, LLC, Walmart Inc., Win-Holt, Cannon Equipment and National Cart Co. ("Defendants").

### I. DISCOVERY CONTROL PLAN

2.    Discovery is intended to be conducted under Level 3 pursuant to Rule 190 of the TEXAS RULES OF CIVIL PROCEDURE.

### II. JURY TRIAL

3.    Plaintiff demands a trial by jury and includes the appropriate jury fees.

### III. RULE 47 PLEADING REQUIREMENTS

4.    As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks monetary relief of over $1,000,000. The amount of monetary relief

actually awarded, however, will ultimately be determined by a jury. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## IV. **PARTIES**

5.      Plaintiff Joretta Williams is an individual resident of Rainbow, Somervell County, Texas. Her driver's license is xxxxxx310.

6.      Defendant Wal-Mart Stores Texas, LLC is a Delaware Corporation whose registered agent for service of legal process is CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201. Service of suit to Defendant can be effected via certified mail, return receipt requested, upon its registered agent CT Corporation System, 1999 Bryan Street, Ste. 900, Dallas, TX 75201. Defendant has filed an Answer herein.

7.      Defendant Walmart Inc. is a Delaware Corporation whose registered agent for service of legal process is CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201. Service of suit to Defendant can be effected via certified mail, return receipt requested, upon its registered agent CT Corporation System, 1999 Bryan Street, Ste. 900, Dallas, TX 75201. Defendant has filed an Answer herein.

8.      Defendant, Win-Holt, in its assumed or common name, existing at 20 Crossways Park Drive North # 205, Woodbury, NY 11797, may be served at principal place of business. Defendant has filed an Answer herein.

9.      Defendant, Cannon Equipment, in its assumed or common name, existing at 324 Washington Street West, Cannon Falls, MN 55009, may be served at principal place of business. Defendant has filed an Answer herein.

10.     Defendant, National Cart Co., in its assumed or common name, existing at 3125 Boschertown Road, St. Charles, MO 63301, may be served at principal place of business. Defendant has filed an Answer herein.

## V.  ASSUMED NAMES, AGENTS, AND EMPLOYEES

11.     In the event any parties are misnamed or are not included herein, Plaintiff contends that such was "misidentification, misnomer," and/or such parties are/were "alter egos" of parties named herein.

12.     Whenever alleged in this Petition that any non-natural Defendants did or failed to do any act or thing, it is meant that such Defendants' directors, officers, agents, servants, employees, representatives and/or contractors subject to such Defendants' control did or failed to do such act or thing and that at the time such conduct occurred, it occurred with the authorization and/or ratification of such Defendants and/or was done in the normal and routine course and scope of employment or agency of such Defendants' directors, officers, agents, servants, employees, representatives and/or contractors subject to such Defendants' control making that Defendants responsible and liable for all such conduct. Plaintiff invokes the doctrine of *respondeat superior*.

## VI.     JURISDICTION AND VENUE

13.     The Court has jurisdiction over the controversy because the damages are within the jurisdictional limits of this Honorable Court.

14.     This Court has venue over the parties to this action since the incident complained of herein occurred in Hood County, Texas. Venue therefore is proper in Hood County, Texas pursuant to the TEXAS CIVIL PRACTICE & REMEDIES CODE §15.002.

## VII. <u>FACTS</u>

15.    This lawsuit arises out of an incident that occurred on or about July 30, 2023 at Walmart Supercenter located on 735 East US Hwy 377, Granbury, Texas 76048, Hood County, Texas.

16.    Plaintiff Joretta Williams was in the freezer area of Walmart Supercenter when a store employee who was pushing an Online Grocery Pickup Cart failed to stop in time and hit the Plaintiff's ankle and back. The Plaintiff was in immediate pain. As a result of the incident, Plaintiff was injured and continues to suffer injuries and damages from this incident. The collision was the result fo the Walmart employee hitting the Plaintiff, as well as Walmart's higher managements' failure to train the employee and of the manufacturers, designers, and providers of the OGP cart which knowing the cart would be involved in collision failed to construct it or design it with any safety materials or features.



## VIII.  CAUSES OF ACTION

**A.     COUNT I. NEGLIGENCE (NEGLIGENT ACTIVITY) - DEFENDANT WAL-MART STORES TEXAS, LLC**

17.     At the time of The Incident, Defendant Wal-Mart Stores Texas, LLC, was negligent

because it:

        a.  Failed to keep such a lookout as a person of ordinary prudence would have kept under the same or similar circumstances;
        b.  Failed to timely stop the equipment in order to avoid the collision in question;
        c.  Pushed the equipment at a rate of speed which was greater than that which an ordinarily prudent person would have under the same or similar circumstances;
        d.  Failed to train floor employees how to handle equipment properly;
        e.  Failed to alert employees to the potential of injury if OGP carts came into contact with people;
        f.  Followed the customer too closely;
        g.  Failed to take proper evasive action;
        h.  Failed to instituting an operation policy on how to handle OGP carts;
        i.  Used the OGP carts with exposed metal;
        j.  Used OGP carts with sharp aluminum edges;
        k.  Failed to keep the OGP cart from hitting the Plaintiff;
        l.  Pressured the OGP pickers to deliver orders within short amounts of time;
        m.  Prioritzed order completion over safety;
        n.  Hit Plaintiff with an OGP cart.

**B.     COUNT II. NEGLIGENCE (PRODUCTS LIABILITY) - DEFENDANT WIN-HOLT**

18.     This lawsuit involves products liability claims arising from the design, manufacturing, and/or marketing defects of an Online Grocery Pick Up Cart (hereinafter referred to as "OGP Cart"). The equipment in question was designed, manufactured, serviced and/or marketed by Defendant Win-Holt. At all times mentioned herein, Defendant Win-Holt was engaged in the business of designing, manufacturing and marketing the type of equipment in question, along with its component parts to the general retail public and specifically Walmart, throughout the United States, as well as

within the State of Texas.

19.    Defendant Win-Holt designed, manufactured, serviced and/or placed into the stream of commerce the equipment in question and its component parts which reached Joretta Williams in the same or substantially the same condition in which it was sold.

20.    Plaintiff would show that Defendant Win-Holt owed a duty to exercise reasonable care in the design, manufacture, and/or marketing of the equipment in question, including, but not limited to, the material used, the sharp edges of the aluminum, the position of the aluminum bars, the lack of bumpers, or safety material, lack of impact absorbing structures. Defendant Win-Holt breached its duty by negligently designing, manufacturing and/or marketing the OGP Cart in question and by failing to act as a reasonably prudent cart manufacturer would under the same or similar circumstances.

21.    The negligent acts and/or omissions on the part of Defendant Win-Holt include, but are not limited to, the following:

    a.  Designed, manufactured, distributed an unreasonably dangerous cart;
    b.  Failed to alert or warn Walmart of the danger of injury and severe injury by the cart;
    c.  Failed to add bumpers to the OGP cart;
    d.  Failed to add any safety materials or safety devices to the OGP cart;
    e.  Failed to collect field reports on the safety performance of the OGP cart;
    f.  Failed to design the OGP cart of materials known to be less injurious like plastic or rubber;
    g.  Designed the cart too tall for clear view of all employees;
    h.  Used, designed, manufactured, distributed a cart with sharp aluminum edges;
    i.  Failed to implement the principles of safety engineering in designing, distributing, marketing, manufacturing of the OGP cart;
    j.  Failed to do a hazard analysis;
    k.  Failed to identify or address hazards of the OGP cart;
    l.  Failed to address sharp-edge hazards and make them safe;
    m.  Failed to provide personal protective equipment or request Walmart to require personal protective equipment;
    n.  Failed to implement alternative safer design;

o.  Failed to warn Walmart of the defective condition of the equipment in question, which Cart-Defendants knew or should have known created an unreasonable risk of harm to Walmarts clients and employees;

p.  Failed to adequately manufacture, investigate, engineer and/or test the OGP Cart, including, but not limited to, exposed aluminum edges, sharp edges, edges at ankle level, too high, no bumpers;

q.  Supplied, distributed or otherwise placed into the stream of commerce a defective OGP Cart to Walmart, without correcting all defects; and

r.  Failed to design and/or manufacture the OGP Cart in question in a manner such that it would not cause severe injuries.

22.  Each of the above-referenced acts and omissions, either singularly or in combination with others, constitutes negligence on the part of Defendant Win-Holt, which proximately caused the damages suffered by Plaintiff.



## C.    COUNT III. NEGLIGENCE (PRODUCTS LIABILITY) - DEFENDANT CANNON EQUIPMENT

23.  This lawsuit involves products liability claims arising from the design, manufacturing, and/or marketing defects of an Online Grocery Pick Up Cart (hereinafter referred to as "OGP Cart"). The equipment in question was designed, manufactured, serviced and/or marketed by Defendant Cannon Equipment. At all times mentioned herein, Defendant Cannon Equipment was engaged in the business of designing,

manufacturing and marketing the type of equipment in question, along with its component parts to the general retail public and specifically Walmart, throughout the United States, as well as within the State of Texas. Cannon Equipment manufactured the cart in question.

24.    Defendant Cannon Equipment designed, manufactured, serviced and/or placed into the stream of commerce the equipment in question and its component parts which reached Joretta Williams in the same or substantially the same condition in which it was sold.

25.    Plaintiff would show that Defendant Cannon Equipment owed a duty to exercise reasonable care in the design, manufacture, and/or marketing of the equipment in question, including, but not limited to, the material used, the sharp edges of the aluminum, the position of the aluminum bars, the lack of bumpers, or safety material, lack of impact absorbing structures. Defendant Cannon Equipment breached its duty by negligently designing, manufacturing and/or marketing the OGP Cart in question and by failing to act as a reasonably prudent cart manufacturer would under the same or similar circumstances.

26.    The negligent acts and/or omissions on the part of Defendant Cannon Equipment include, but are not limited to, the following:

    a.    Designed, manufactured, distributed an unreasonably dangerous cart;
    b.    Failed to alert or warn Walmart of the danger of injury and severe injury by the cart;
    c.    Failed to add bumpers to the OGP cart;
    d.    Failed to add any safety materials or safety devices to the OGP cart;
    e.    Failed to collect field reports on the safety performance of the OGP cart;
    f.    Failed to design the OGP cart of materials known to be less injurious like plastic or rubber;
    g.    Designed the cart too tall for clear view of all employees;
    h.    Used, designed, manufactured, distributed a cart with sharp aluminum edges;
    i.    Failed to implement the principles of safety engineering in designing, distributing, marketing, manufacturing of the OGP cart;

j.  Failed to do a hazard analysis;
k.  Failed to identify or address hazards of the OGP cart;
l.  Failed to address sharp-edge hazards and make them safe;
m.  Failed to provide personal protective equipment or request Walmart to require personal protective equipment;
n.  Failed to implement alternative safer design;
o.  Failed to warn Walmart of the defective condition of the equipment in question, which Cart-Defendants knew or should have known created an unreasonable risk of harm to Walmarts clients and employees;
p.  Failed to adequately manufacture, investigate, engineer and/or test the OGP Cart, including, but not limited to, exposed aluminum edges, sharp edges, edges at ankle level, too high, no bumpers;
q.  Supplied, distributed or otherwise placed into the stream of commerce a defective OGP Cart to Walmart, without correcting all defects; and
r.  Failed to design and/or manufacture the OGP Cart in question in a manner such that it would not cause severe injuries.

27.     Each of the above-referenced acts and omissions, either singularly or in combination with others, constitutes negligence on the part of Defendant Cannon Equipment, which proximately caused the damages suffered by Plaintiff.



**D.      COUNT IV. NEGLIGENCE (PRODUCTS LIABILITY) - DEFENDANT NATIONAL CART CO.**

28.     This lawsuit involves products liability claims arising from the design, manufacturing, and/or marketing defects of an Online Grocery Pick Up Cart (hereinafter

referred to as "OGP Cart"). The equipment in question was designed, manufactured, serviced and/or marketed by Defendant National Cart Co. At all times mentioned herein, Defendant National Cart Co. was engaged in the business of designing, manufacturing and marketing the type of equipment in question, along with its component parts to the general retail public and specifically Walmart, throughout the United States, as well as within the State of Texas. National Cart designed this cart. National Cart manufactured this cart.

29.    Defendant National Cart Co. designed, manufactured, serviced and/or placed into the stream of commerce the equipment in question and its component parts which reached Joretta Williams in the same or substantially the same condition in which it was sold.

30.    Plaintiff would show that Defendant National Cart Co. owed a duty to exercise reasonable care in the design, manufacture, and/or marketing of the equipment in question, including, but not limited to, the material used, the sharp edges of the aluminum, the position of the aluminum bars, the lack of bumpers, or safety material, lack of impact absorbing structures. Defendant National Cart Co. breached its duty by negligently designing, manufacturing and/or marketing the OGP Cart in question and by failing to act as a reasonably prudent cart manufacturer would under the same or similar circumstances.

31.    The negligent acts and/or omissions on the part of Defendant National Cart Co. include, but are not limited to, the following:

   a.  Designed, manufactured, distributed an unreasonably dangerous cart;
   b.  Failed to alert or warn Walmart of the danger of injury and severe injury by the cart;
   c.  Failed to add bumpers to the OGP cart;
   d.  Failed to add any safety materials or safety devices to the OGP cart;
   e.  Failed to collect field reports on the safety performance of the OGP cart;

    f.   Failed to design the OGP cart of materials known to be less injurious like plastic or rubber;

    g.   Designed the cart too tall for clear view of all employees;

    h.   Used, designed, manufactured, distributed a cart with sharp aluminum edges;

    i.   Failed to implement the principles of safety engineering in designing, distributing, marketing, manufacturing of the OGP cart;

    j.   Failed to do a hazard analysis;

    k.   Failed to identify or address hazards of the OGP cart;

    l.   Failed to address sharp-edge hazards and make them safe;

    m.   Failed to provide personal protective equipment or request Walmart to require personal protective equipment;

    n.   Failed to implement alternative safer design;

    o.   Failed to warn Walmart of the defective condition of the equipment in question, which Cart-Defendants knew or should have known created an unreasonable risk of harm to Walmarts clients and employees;

    p.   Failed to adequately manufacture, investigate, engineer and/or test the OGP Cart, including, but not limited to, exposed aluminum edges, sharp edges, edges at ankle level, too high, no bumpers;

    q.   Supplied, distributed or otherwise placed into the stream of commerce a defective OGP Cart to Walmart, without correcting all defects; and

    r.   Failed to design and/or manufacture the OGP Cart in question in a manner such that it would not cause severe injuries.

32.    Each of the above-referenced acts and omissions, either singularly or in combination with others, constitutes negligence on the part of Defendant National Cart Co., which proximately caused the damages suffered by Plaintiff.



https://nationalcart.com/products/aluminum-pick-cart/

E.    **COUNT V.  STRICT LIABILITY – DEFENDANT WIN-HOLT**

33.    Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth herein. Prior to the date of the injury, Defendant Win-Holt designed, manufactured, assembled, inspected, tested, sold, marketed and/or distributed the OGP Cart, including, but not limited to, exposed sharp aluminum edges, and introduced it into the stream of commerce in a manner so as to render it defective, unsafe, and/or unreasonably dangerous. The defective condition of the OGP Cart caused the injury that is the subject of this lawsuit.  At the time of the injury, the OGP Cart was being used by Walmart in a manner which was entirely foreseeable to and well-known by Defendant Win-Holt  that accidents and incidents involving its OGP Cart, such as occurred herein, would on occasion take place during the normal and ordinary use of said OGP Cart.

34.    There was a design defect in the OGP Cart, including, but not limited to, the exposed sharp aluminum edges at the time it left the possession of Defendant Win-Holt that was a producing cause of the injury in question and the damages as set forth herein. As a result of the design defect, the OGP Cart was in an unreasonably dangerous condition, i.e., the OGP Cart was dangerous to an extent beyond that which would be contemplated by the ordinary user of the product, with the ordinary knowledge  common to the community as to the product's characteristics.

35.    As delineated in more detail above and herein, the Defendant Win-Holt defective design, manufacturing and/or marketing of the OGP Cart, including, but not limited to, the exposed sharp aluminum edges located at ankle level, as well as all over the cart, were the producing and proximate causes of the damages sustained by Plaintiff.

**F.    COUNT VI.  STRICT LIABILITY – DEFENDANT CANNON EQUIPMENT**

36.    Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth herein. Prior to the date of the injury, Defendant Cannon Equipment designed, manufactured,  assembled, inspected, tested, sold, marketed and/or distributed the OGP Cart, including, but not limited to, exposed sharp aluminum edges, and introduced it into the stream of commerce in a manner so as to render it defective, unsafe, and/or unreasonably dangerous.  The defective condition of the OGP Cart caused the injury that is the subject of this lawsuit.   At the time of the injury, the OGP Cart was being used by Walmart in a manner which was entirely foreseeable to and well-known by Defendant Cannon Equipment  that accidents and incidents involving its OGP Cart, such as occurred herein, would on occasion take place during the normal and ordinary use of said OGP Cart.

37.    There was a design defect in the OGP Cart, including, but not limited to, the exposed sharp aluminum edges  at the time it left the possession of Defendant Cannon Equipment that was a producing cause of the injury in question and the damages as set forth herein.   As a result of the design defect, the OGP Cart was in an unreasonably dangerous condition, i.e., the OGP Cart was dangerous to an extent beyond that which would be contemplated by the ordinary user of the product, with the ordinary knowledge common to the community as to the product's characteristics.

38.    As delineated in more detail above and herein, the Defendant Cannon Equipment defective design, manufacturing and/or marketing of the OGP Cart, including, but not limited to, the exposed sharp aluminum edges located at ankle level, as well as all over

**PLAINTIFF'S THIRD AMENDED ORIGINAL PETITION - Page 13**

the cart, were the producing and proximate causes of the damages sustained by Plaintiff.

**G.    COUNT VII.  STRICT LIABILITY – DEFENDANT NATIONAL CART CO.**

39.     Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth herein. Prior to the date of the injury, Defendant National Cart Co. designed, manufactured, assembled, inspected, tested, sold, marketed and/or distributed the OGP Cart, including, but not limited to, exposed sharp aluminum edges, and introduced it into the stream of commerce in a manner so as to render it defective, unsafe, and/or unreasonably dangerous.  The defective condition of the OGP Cart caused the injury that is the subject of this lawsuit.   At the time of the injury, the OGP Cart was being used by Walmart in a manner which was entirely foreseeable to and well-known by Defendant National Cart Co.  that accidents and incidents involving its OGP Cart, such as occurred herein, would on occasion take place during the normal and ordinary use of said OGP Cart.

40.     There was a design defect in the OGP Cart, including, but not limited to, the exposed sharp aluminum edges  at the time it left the possession of Defendant National Cart Co.  that was a producing cause of the injury in question and the damages as set forth herein.   As a result of the design defect, the OGP Cart was in an unreasonably dangerous condition, i.e., the OGP Cart was dangerous to an extent beyond that which would be contemplated by the ordinary user of the product, with the ordinary knowledge common to the community as to the product's characteristics.

41.     As delineated in more detail above and herein, the Defendant National Cart Co. defective design, manufacturing and/or marketing of the OGP Cart, including, but not

limited to, the exposed sharp aluminum edges located at ankle level, as well as all over the cart, were the producing and proximate causes of the damages sustained by Plaintiff.

## H.    GROSS NEGLIGENCE - DEFENDANTS WAL-MART STORES TEXAS, LLC AND WALMART INC.

42.    Walmart failed to train Walmart employees on the safe use of an particularly dangerous. Walmart failed to train on whether there are height requirements to use the cart, load load requirements, whether the car should be pushed or pulled, mimimum safe distance, etc.

43.    Walmart failed to add any safety labels to the cart, or provide employees with any safety material regarding the operation of the carts.

44.    Plaintiff would show the Court that the conduct of Defendants Wal-Mart Stores Texas, LLC and Walmart Inc. described herein, when viewed objectively from the Defendants' point of view at the time it occurred, involved an extreme degree of risk in light of the probability and magnitude of the potential harm to others and that Defendants nonetheless persisted in conscious indifference to the rights of others despite actual, subjective awareness of the risk of harm. As a result, the Court should impose damages sufficient to deter such conduct in the future. Specifically, Defendants Wal-Mart Stores Texas, LLC and Walmart Inc.'s purchase and continued use, of an online grocery pickup cart model (hereinafter "OGP cart") with an exposed, sharp metal edges at ankle-level, and no other preventative safety measures, on the store floor with heavy shopping traffic.

45.    Walmart having not provided its employees with training, warnings, safety material, operation recommendations or instructions, showed a subjective lack of care for the safety and rights of others. One cannot simply hand over the keys of a piece of

equipment to someone unfamiliar with it and then deny any responsibility for the accidents caused. American Airlines cannot hand an airplance to an untrained pilot, freight companies cannot hand an 18-wheeler to an unlicensed driver, Coca-Cola cannot hand a forklift to an untrained operator and expect everything to be just fine. Likewise, Walmart had a responsibility to ensure its employees understood the dangers associated with this OGP cart, warned them, trained them, and offer safety literature. Instead, Walmart, simply used the carts and did not once concerned itself with safety.

## I.    GROSS NEGLIGENCE – DEFENDANT WIN-HOLT

46.    Win-Holt failed to warn Walmart that the use of a cart with exposed aluminum edges, in a rushed attituted to fill orders, among the heavy trafficked stores would inebitiably lead to severe injuires.

47.    Win-Holt failed to train Walmart employees on the safe use of an particularly dangerous. Win-Holt failed to train on whether there are height requirements to use the cart, load load requirements, whether the cart should be pushed or pulled, mimimum  safe distance, etc.

48.    Win-Holt failed to add any safety labels to the cart, or provide Walmart with any safety material regarding the operation of the carts.

49.    Plaintiff would show the Court that the conduct of Defendant Win-Holt described herein, when viewed objectively from the Defendant's point of view at the time it occurred, involved an extreme degree of risk in light of the probability and magnitude of the potential harm to others and that Defendant nonetheless persisted in conscious indifference to the rights of others despite actual, subjective awareness of the risk of harm. As a result, the Court should impose damages sufficient to deter such conduct in the future. Specifically,

Defendant Win-Holt's purchase and continued use, of an online grocery pickup cart model (hereinafter "OGP cart") with an exposed, sharp metal edges at ankle-level, and no other preventative safety measures, on the store floor with heavy shopping traffic.

50.    Win-Holt having not provided Walmart with training, warnings, safety material, operation recommendations or instructions, showed a subjective lack of care for the safety and rights of others. One cannot simply hand over the keys of a piece of equipment to someone unfamiliar with it and then deny any resposnability for the accidents caused. American Airlines cannot hand an airplance to an untrained pilot, freight companies cannot hand an 18-wheeler to an unlicensed driver, Coca-Cola cannot hand a forklift to an untrained operator and expect everything to be just fine. Likewise, Win-Holt had a responsibility to ensure Walmart understood the dangers associated with this OGP cart, warned them, trained them, and offer safety literature. Instead, Win-Holt, simply sold the carts and did not once concerned itself with safety.

**J.    GROSS NEGLIGENCE – DEFENDANT CANNON EQUIPMENT**

51.    Defendant Cannon Equipment failed to warn Walmart that the use of a cart with exposed aluminum edges, in a rushed attituted to fill orders, among the heavy trafficked stores would inebitiably lead to severe injuires.

52.    Cannon Equipment failed to train Walmart employees on the safe use of an particularly dangerous. Cannon Equipment failed to train on whether there are height requirements to use the cart, load load requirements, whether the cart should be pushed or pulled, mimimum  safe distance, etc.

53.    Cannon Equipment failed to add any safety labels to the cart, or provide Walmart with any safety material regarding the operation of the carts.

54.    Plaintiff would show the Court that the conduct of Defendant Cannon Equipment described herein, when viewed objectively from the Defendant's point of view at the time it occurred, involved an extreme degree of risk in light of the probability and magnitude of the potential harm to others and that Defendant nonetheless persisted in conscious indifference to the rights of others despite actual, subjective awareness of the risk of harm. As a result, the Court should impose damages sufficient to deter such conduct in the future. Specifically, Defendant Cannon Equipment's purchase and continued use, of an online grocery pickup cart model (hereinafter "OGP cart") with an exposed, sharp metal edges at ankle-level, and no other preventative safety measures, on the store floor with heavy shopping traffic.

55.    Cannon Equipment having not provided Walmart with training, warnings, safety material, operation recommendations or instructions, showed a subjective lack of care for the safety and rights of others. One cannot simply hand over the keys of a piece of equipment to someone unfamiliar with it and then deny any resposnability for the accidents caused. American Airlines cannot hand an airplance to an untrained pilot, freight companies cannot hand an 18-wheeler to an unlicensed driver, Coca-Cola cannot hand a forklift to an untrained operator and expect everything to be just fine. Likewise, Cannon Equipment had a responsibility to ensure Walmart understood the dangers associated with this OGP cart, warned them, trained them, and offer safety literature. Instead, Cannon Equipment, simply sold the carts and did not once concerned itself with safety.

**K.    GROSS NEGLIGENCE – DEFENDANT NATIONAL CART CO.**

56.    Defendant National Cart Co. failed to warn Walmart that the use of a cart with exposed aluminum edges, in a rushed attitued to fill orders, among the heavy trafficked stores would inebitiably lead to severe injuires.

57.    National Cart Co. failed to train Walmart employees on the safe use of an particularly dangerous. National Cart Co. failed to train on whether there are height requirements to use the cart, load requirements, whether the cart should be pushed or pulled, mimimum  safe distance, etc.

58.    National Cart Co. failed to add any safety labels to the cart, or provide Walmart with any safety material regarding the operation of the carts.

59.    Plaintiff would show the Court that the conduct of Defendant National Cart Co. described herein, when viewed objectively from the Defendant's point of view at the time it occurred, involved an extreme degree of risk in light of the probability and magnitude of the potential harm to others and that Defendant nonetheless persisted in conscious indifference to the rights of others despite actual, subjective awareness of the risk of harm. As a result, the Court should impose damages sufficient to deter such conduct in the future. Specifically, Defendant National Cart Co.'s purchase and continued use, of an online grocery pickup cart model (hereinafter "OGP cart") with an exposed, sharp metal edges at ankle-level, and no other preventative safety measures, on the store floor with heavy shopping traffic.

60.    National Cart Co. having not provided Walmart with training, warnings, safety material, operation recommendations or instructions, showed a subjective lack of care for the safety and rights of others. One cannot simply hand over the keys of a piece of

equipment to someone unfamiliar with it and then deny any resposnability for the accidents caused. American Airlines cannot hand an airplance to an untrained pilot, freight companies cannot hand an 18-wheeler to an unlicensed driver, Coca-Cola cannot hand a forklift to an untrained operator and expect everything to be just fine. Likewise, National Cart Co.  had a responsibility to ensure Walmart understood the dangers associated with this OGP cart, warned them, trained them, and offer safety literature. Instead, National Cart Co., simply sold the carts and did not once concerned itself with safety.

## IX. <u>JOINT AND SEVERAL LIABILITY</u>

61.     This principle holds that if the negligence of two or more wrongdoers jointly causes an indivisible injury, all Defendants can be held jointly and severally liable for the entire injury. Defendants, are jointly and severally liable for all of Plaitniff's damages pursuant Texas CPRC 33. Tex. Civ. Prac. & Rem. Code Ann. § 33.013 (West).

## X. <u>ALTERNATIVE LIABILITY: CART-DEFENDANTS</u>

62.     Plaintiff petitions the court that should the court find necessary to pin point a single act by a single manufacturer, to shift the burden to the Cart-Defendants under Texas Doctrine of Alternative Liability. Under this doctrine, when independent acts of negligence are simultaneously committed by two or more tortfeasors and only one act results in injury, the Plaintiff is relieved of the burden of identifying the actual tortfeasor. The burden shifts to the Defendants to exculpate themselves. Defendants simultaneously committed acts of negligence that resulted resulted in Plaintiff's injury.

## XI.  DAMAGES

63.     As a proximate result of Defendants' negligence and/or premises liability, Plaintiff

suffered personal injuries.  As a result of Plaintiff's injuries, Plaintiff suffered and seeks

the following damages:

    a.    Medical expenses: Plaintiff incurred bodily injuries which were caused by the collision and Plaintiff incurred medical expenses for treatment of such injuries. Plaintiff believes that, in reasonable medical probability such injuries will require the need for future medical care;

    b.    Loss of earning capacity: Plaintiff lost wages as a result of the personal injuries sustained in the collision. Plaintiff reasonably believes that such injuries will diminish Plaintiff's earning capacity in the future;

    c.    Physical pain: Plaintiff endured physical pain as a result of the personal injuries sustained in the collision and reasonably anticipates such pain will continue in the future;

    d.    Mental anguish: Plaintiff endured mental anguish as a result of the personal injuries sustained in the collision and reasonably anticipates such mental anguish will continue in the future;

    e.    Disfigurement: Plaintiff endured disfigurement as a result of the personal injuries sustained in the collision and reasonably anticipates such will continue in the future; and

    f.    Physical impairment: Plaintiff endured physical impairment as a result of the personal injuries sustained in the collision and reasonably anticipates such in the future.

64.     In the alternative, if it be shown that the Plaintiff suffered from any pre-existing

injury, disease and/or condition at the time of the incident made the basis of the lawsuit,

then such injury, disease and/or condition was aggravated and/or exacerbated by the

negligence of the Defendants.

## XII. AGGRAVATION

65.     In the alternative, if it be shown that the Plaintiff suffered from any pre-existing

injury, disease and/or condition at the time of the incident made the basis of the lawsuit,

then such injury, disease and/or condition was aggravated and/or exacerbated by the

negligence of the Defendants.

## XIII. U.S. LIFE TABLES

66.    Notice is hereby given to the Defendants that Plaintiff intends to use the U.S. Life Tables as prepared by the Department of Health and Human Services.  Plaintiff requests that this Honorable Court take judicial notice of those rules, regulations, and statutes of the United States and the State of Texas, pursuant to Texas Rule of Evidence 201 and 1005.

## XIV.  INTENT TO USE DEFENDANTS' DOCUMENTS

67.    Plaintiff hereby gives notice of intent to utilize items produced in discovery against the party producing same.  The authenticity of such items is self-proven per TRCP 193.7.

## XV.  RELIEF SOUGHT

68.    As discovery takes place and testimony is given, Plaintiff will be in a better position to give the maximum amount of damages sought.

69.    WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that the Defendants be cited to appear and answer herein, that this cause be set for trial before a jury, and that upon final hearing thereof, Plaintiff recover judgment against Defendants for:

1.    Plaintiff's past medical expenses, which are reasonable and customary for the medical care received by Plaintiff;
2.    Plaintiff's future medical expenses;
3.    Plaintiff's lost wages in the past and loss of earning capacity in the future;
4.    Plaintiff's physical pain and suffering in the past and future in an amount to be determined by the jury;
5.    Plaintiff's mental anguish in the past and future in an amount to be determined by the jury;
6.    Plaintiff's physical impairment in the past and future in an amount to be determined by the jury;
7.    Plaintiff's disfigurement;
8.    Interest on the judgment at the legal rate from the date of judgment;
9.    Pre-judgment interest on Plaintiff's damages as allowed by law;
10.    Exemplary damages;
11.    All costs of court; and
12.    Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

BY:     */s/* Rolando de la Garza
       **ROLANDO DE LA GARZA**
       State Bar No. 24097579
       E-Mail: Rolando@cainfirm.com
       **W. BRETT CAIN**
       State Bar No. 24048379
       E-Mail: Brett@cainfirm.com

       **THE CAIN LAW FIRM, PC**
       301 Commerce St., Ste. 2395
       Ft. Worth, Texas 76102
       Telephone: (817) 577-7777
       Facsimile: (817) 573-4848
       E-Service: eservice@cainfirm.com

       **ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded to all counsel of record on this 12th day of September 2024, pursuant to the Federal Rules of Civil Procedure.

       */s/ Rolando de la Garza*
       **ROLANDO DE LA GARZA**