IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JORETTA WILLIAMS, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 4:24-cv-00583-P |
| WAL-MART STORES TEXAS, LLC, | § | |
| WALMART INC., WIN-HOLT, | § | |
| CANNON EQUIPMENT, AND | § | |
| NATIONAL CART CO., | § | |
| | § | |
| DEFENDANTS. | § | |

### DEFENDANT WAL-MART STORES TEXAS, LLC'S ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

**COMES NOW**, WAL-MART STORES TEXAS, LLC (incorrectly named Walmart Inc.) ("Defendant"), in the above-styled and numbered cause, hereby files this Answer to Plaintiff's Third Amended Complaint, and in support hereof would respectfully show unto the Court the following:

1. Plaintiff's paragraph one of her Third Amended Complaint states a legal conclusion to which no response is required.

### I. DISCOVERY-CONTROL PLAN LEVEL

2. Defendant denies the allegations contained in section one paragraph on of Plaintiff's Third Amended Complaint. Discovery will be conducted under the FEDERAL RULES OF CIVIL PROCEDURE and the Scheduling Order signed by the Court.

## II.  JURY TRIAL

3. Defendant admits that Plaintiff has requested a trial by jury. Defendant also requests a trial by jury.

## III.  RULE 47 PLEADING REQUIREMENTS

4. Defendant denies the allegations contained in section three paragraph one of Plaintiff's Third Amended Complaint and demands strict proof thereof.

## IV.  PARTIES

5. Defendant lacks information to admit or deny the allegation in section four paragraph one of Plaintiff's Third Amended Complaint.

6. Defendant admits it is a Delaware Corporation as stated in section four paragraph two of Plaintiff's Third Amended Complaint.

7. Defendant denies the allegations contained in section four paragraph three of Plaintiff's Third Amended Complaint. Walmart Inc. is not a proper party to this lawsuit.

8. Defendant lacks knowledge or information sufficient to form a belief about the truth of all of the allegations contained in section four paragraph four of Plaintiff's Third Amended Complaint.

9. Defendant lacks knowledge or information sufficient to form a belief about the truth of all of the allegations contained in section four paragraph five of Plaintiff's Third Amended Complaint.

10. Defendant lacks knowledge or information sufficient to form a belief about the truth of all of the allegations contained in section four paragraph six of Plaintiff's Third Amended Complaint.

## V. ASSUMED NAMES, AGENTS, AND EMPLOYEES

11. Section five paragraph one of Plaintiff's Third Amended Complaint states a legal conclusion to which no response is required. To the extent an answer is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of all of the allegations contained in section five paragraph one of Plaintiff's Third Amended Complaint. Defendant denies that Walmart Inc. is a proper party to this lawsuit.

12. Section five paragraph two of Plaintiff's Third Amended Complaint states a legal conclusion to which no response is required. To the extent an answer is required, Defendant denies the allegations contained in section five paragraph two of Plaintiff's Third Amended Complaint.

## VI. JURISDICTION AND VENUE

13. Defendant admits jurisdiction is appropriate in the United States District Court for the Northern District of Texas Fort Worth Division.

14. Defendant denies the allegations in section six paragraph two of Plaintiff's Third Amended Complaint. Jurisdiction is appropriate in the United States District Court for the Northern District of Texas Fort Worth Division where this case is currently pending.

## VII. FACTS

15. Defendant admits the allegations in section seven paragraph one of Plaintiff's Third Amended Complaint.

16. Defendant lacks knowledge or information sufficient to form a belief about the truth of all of the allegations contained in section seven paragraph two of Plaintiff's Third Amended Complaint. To the extent an answer is required, Defendant denies the allegations contained in section seven paragraph two of Plaintiff's Third Amended Complaint.

## VIII.  CAUSES OF ACTION

A.   **COUNT I. NEGLIGENCE (NEGLIGENT ACTIVITY) – DEFENDANT WAL-MART STORES TEXAS, LLC**

17.   Defendant denies all of the allegations contained in section eight paragraph one of Plaintiff's Third Amended Complaint.

B.   **COUNT II. NEGLIGENCE (PRODUCTS LIABILITY) – DEFENDANT WIN-HOLT**

18.   Defendant lacks information to admit or deny the allegations contained in section eight paragraph two of Plaintiff's Third Amended Complaint.

19.   Defendant lacks information to admit or deny the allegations contained in section eight paragraph three of Plaintiff's Third Amended Complaint.

20.   Defendant lacks information to admit or deny the allegations contained in section eight paragraph four of Plaintiff's Third Amended Complaint.

21.   Defendant lacks information to admit or deny the allegations contained in section eight paragraph five of Plaintiff's Third Amended Complaint.

22.   Defendant lacks information to admit or deny the allegations contained in section eight paragraph six of Plaintiff's Third Amended Complaint.

C.   **COUNT III. NEGLIGENCE (PRODUCTS LIABILITY) – DEFENDANT CANNON EQUIPMENT**

23.   Defendant lacks information to admit or deny the allegations contained in section eight paragraph seven of Plaintiff's Third Amended Complaint.

24.   Defendant lacks information to admit or deny the allegations contained in section eight paragraph eight of Plaintiff's Third Amended Complaint.

25. Defendant lacks information to admit or deny the allegations contained in section eight paragraph nine of Plaintiff's Third Amended Complaint.

26. Defendant lacks information to admit or deny the allegations contained in section eight paragraph ten of Plaintiff's Third Amended Complaint.

27. Defendant lacks information to admit or deny the allegations contained in section eight paragraph eleven of Plaintiff's Third Amended Complaint.

**D.   COUNT IV. NEGLIGENCE (PRODUCTS LIABILITY) – DEFENDANT NATIONAL CART CO.**

28. Defendant lacks information to admit or deny the allegations contained in section eight paragraph twelve of Plaintiff's Third Amended Complaint.

29. Defendant lacks information to admit or deny the allegations contained in section eight paragraph thirteen of Plaintiff's Third Amended Complaint.

30. Defendant lacks information to admit or deny the allegations contained in section eight paragraph fourteen of Plaintiff's Third Amended Complaint.

31. Defendant lacks information to admit or deny the allegations contained in section eight paragraph fifteen of Plaintiff's Third Amended Complaint.

32. Defendant lacks information to admit or deny the allegations contained in section eight paragraph sixteen of Plaintiff's Third Amended Complaint.

**E.   COUNT V. STRICT LIABILITY – DEFENDANT WIN-HOLT**

33. Defendant lacks information to admit or deny the allegations contained in section eight paragraph seventeen of Plaintiff's Third Amended Complaint.

34. Defendant lacks information to admit or deny the allegations contained in section eight paragraph eighteen of Plaintiff's Third Amended Complaint.

35. Defendant lacks information to admit or deny the allegations contained in section eight paragraph nineteen of Plaintiff's Third Amended Complaint.

### F.   COUNT VI. STRICT LIABILITY – DEFENDANT CANNON EQUIPMENT

36. Defendant lacks information to admit or deny the allegations contained in section eight paragraph twenty of Plaintiff's Third Amended Complaint.

37. Defendant lacks information to admit or deny the allegations contained in section eight paragraph twenty-one of Plaintiff's Third Amended Complaint.

38. Defendant lacks information to admit or deny the allegations contained in section eight paragraph twenty-two of Plaintiff's Third Amended Complaint.

### G.   COUNT VII. STRICT LIABILITY – DEFENDANT NATIONAL CART CO.

39. Defendant lacks information to admit or deny the allegations contained in section eight paragraph twenty-three of Plaintiff's Third Amended Complaint.

40. Defendant lacks information to admit or deny the allegations contained in section eight paragraph twenty-four of Plaintiff's Third Amended Complaint.

41. Defendant lacks information to admit or deny the allegations contained in section eight paragraph twenty-five of Plaintiff's Third Amended Complaint.

### H.   GROSS NEGLIGENCE – DEFENDANTS WAL-MART STORES TEXAS, LLC AND WALMART INC.

42. Defendant denies the allegations contained in section eight paragraph twenty-six of Plaintiff's Third Amended Complaint.

43. Defendant denies the allegations contained in section eight paragraph twenty-seven of Plaintiff's Third Amended Complaint.

44. Defendant denies the allegations contained in section eight paragraph twenty-eight of Plaintiff's Third Amended Complaint.

45. Defendant denies the allegations contained in section eight paragraph twenty-nine of Plaintiff's Third Amended Complaint.

## I. GROSS NEGLIGENCE – DEFENDANT WIN-HOLT

46. Defendant lacks information to admit or deny the allegations contained in section eight paragraph thirty of Plaintiff's Third Amended Complaint.

47. Defendant lacks information to admit or deny the allegations contained in section eight paragraph thirty-one of Plaintiff's Third Amended Complaint.

48. Defendant lacks information to admit or deny the allegations contained in section eight paragraph thirty-two of Plaintiff's Third Amended Complaint.

49. Defendant lacks information to admit or deny the allegations contained in section eight paragraph thirty-three of Plaintiff's Third Amended Complaint.

50. Defendant lacks information to admit or deny the allegations contained in section eight paragraph thirty-four of Plaintiff's Third Amended Complaint.

## J. GROSS NEGLIGENCE – DEFENDANT CANNON EQUIPMENT

51. Defendant lacks information to admit or deny the allegations contained in section eight paragraph thirty-five of Plaintiff's Third Amended Complaint.

52. Defendant lacks information to admit or deny the allegations contained in section eight paragraph thirty-six of Plaintiff's Third Amended Complaint.

53. Defendant lacks information to admit or deny the allegations contained in section eight paragraph thirty-seven of Plaintiff's Third Amended Complaint.

54. Defendant lacks information to admit or deny the allegations contained in section eight paragraph thirty-eight of Plaintiff's Third Amended Complaint.

55. Defendant lacks information to admit or deny the allegations contained in section eight paragraph thirty-nine of Plaintiff's Third Amended Complaint.

K.     GROSS NEGLIGENCE – DEFENDANT NATIONAL CART CO.

56. Defendant lacks information to admit or deny the allegations contained in section eight paragraph forty of Plaintiff's Third Amended Complaint.

57. Defendant lacks information to admit or deny the allegations contained in section eight paragraph forty-one of Plaintiff's Third Amended Complaint.

58. Defendant lacks information to admit or deny the allegations contained in section eight paragraph forty-two of Plaintiff's Third Amended Complaint.

59. Defendant lacks information to admit or deny the allegations contained in section eight paragraph forty-three of Plaintiff's Third Amended Complaint.

60. Defendant lacks information to admit or deny the allegations contained in section eight paragraph forty-four of Plaintiff's Third Amended Complaint.

## IX. JOINT AND SEVERAL LIABILITY

61. Defendant denies the allegations contained in section nine paragraph one of Plaintiff's Third Amended Complaint.

## X. ALTERNATIVE LIABILITY: CART-DEFENDANTS

62. Defendant denies the allegations contained in section ten paragraph one of Plaintiff's Third Amended Complaint.

## XI. DAMAGES

63. Defendant denies the allegations contained in section eleven paragraph one of Plaintiff's Third Amended Complaint and demands strict proof thereof.

64. Defendant denies the allegations contained in section eleven paragraph two of Plaintiff's Third Amended Complaint.

## XII.  AGGRAVATION

65. Defendant denies the allegations contained in section twelve paragraph one of Plaintiff's Third Amended Complaint.

## XIII.  U.S. LIFE TABLES

66. Defendant denies the U.S. Life Tables are relevant for use in this matter. Defendant also denies the Texas Rules of Evidence are applicable in this case. Defendant will follow the FEDERAL RULES OF EVIDENCE as those are the rules applicable to this case.

## XIV. INTENT TO USE DEFENDANTS' DOCUMENTS

67. Defendant denies the allegations contained in section fourteen paragraph one of Plaintiff's Third Amended Complaint. Defendant will follow the FEDERAL RULES OF EVIDENCE as those are the rules applicable to this case.

## XV.  RELIEF SOUGHT

68. Defendant denies the allegations contained in the Relief Sought section paragraph one of Plaintiff's Third Amended Complaint.

69. Defendant denies the allegations contained in the Relief Sought section paragraph two of Plaintiff's Third Amended Complaint.

## XVI.  AFFIRMATIVE DEFENSES

70. Defendant affirmatively pleads and requests Plaintiff to prove her loss of earning and/or loss of earning capacity in the form which represents her net loss after reduction for income tax payments or unpaid tax liability on said loss or earning claim pursuant to any federal income tax law. *Id*. Additionally, Defendant requests the Court to instruct the jury as to whether any

recovery for compensatory damages sought by the Plaintiff, if any, is subject to federal to state income taxes.

71. Pleading further, and without waiving the foregoing, Defendant would show that it is entitled to a credit or offset equal to the amount of any and all sums that the Plaintiff has received, or may hereinafter receive, by way of settlement with any person or party. Alternatively, Defendant contends that it is entitled to a proportionate reduction of any damages found against it based upon the percentage of negligence attributable to the settling tortfeasor, cross claimant, designated third party, or other party to this case.

72. Pleading further, and without waiving the foregoing, to the extent Plaintiff's medical expenses exceed the amount actually paid on Plaintiff's behalf to her medical providers, Defendant asserts recovery of medical or health care expenses incurred by Plaintiff, if any, are limited to the amount actually paid or incurred by or on behalf of Plaintiff.

73. Pleading further, and without waiving the foregoing, Defendant asserts the doctrine of proportionate responsibility which may bar any recovery by Plaintiff, or may in the alternative, reduces the amount of recovery by Plaintiff based on the Plaintiff's own percentage of fault.

74. Pleading further, and in the affirmative, the injuries plead by Plaintiff may have been caused, in whole or in part, by superseding and/or intervening causes, including pre-existing conditions and/or injuries and subsequently occurring injuries and/or conditions that were not Defendant's own creation.

75. Defendant alleges that it may have other separate and additional defenses of which it is not presently aware and hereby reserves the right to raise such defenses by amendment of its Answer, including to conform to proof at trial.

## XVII.
## RESERVATION OF RIGHTS

76. Defendant reserves all other defenses under Rule 8(c) of the FEDERAL RULES OF CIVIL PROCEDURE and any other defenses at law or in equity that may exist now or in the future based upon discovery and further factual investigation in this case.

## XVIII.
## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Defendant respectfully prays that Plaintiff have and recover nothing by this suit and that all relief requested by Plaintiff be denied. Defendant further prays for such other and further relief, both general or special, at law or in equity, to which it may show itself to be justly entitled.

Respectfully submitted,

**COOPER & SCULLY, P.C.**

By:   */s/ Clarissa A. Price*
**DEREK S. DAVIS**
Texas Bar No. 00793591
Email: Derek.Davis@CooperScully.com
**CLARISSA A. PRICE**
Texas Bar No. 24082450
Email: Clarissa.Price@cooperscully.com

900 Jackson Street, Suite 100
Dallas, Texas 75202
Telephone: (214) 712-9500
Facsimile: (214) 712-9540
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record, *via* facsimile, certified mail/return receipt request, electronic mail, and/or e-service on this 9th day of October 2024.

*/s/ Clarissa A. Price*
**CLARISSA A. PRICE**