UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**JORETTA WILLIAMS,**

   Plaintiff,

v.                                       No. 4:24-cv-00583-P

**WAL-MART STORES TEXAS LLC, ET AL.,**

   Defendants.

## OPINION & ORDER

    Before the Court are various motions filed by Defendants National Cart Co. ("National"), Win-Holt ("Win-Holt"), and Cannon Equipment ("Cannon") (collectively, "Cart Defendants"). ECF Nos. 35-36, 38-39. National moves for dismissal under Federal Rule of Civil Procedure 12(b)(6) (ECF No. 35) and for judgment on the pleadings under Rule 12(c). ECF No. 36. Likewise, Win-Holt moves for dismissal under Rule 12(b)(6) and for judgment on the pleadings under Rule 12(c) but, in the alternative, also moves for a more definite statement under Rule 12(e). ECF No. 38. Cannon moves solely for dismissal under Rule 12(b)(6). Having reviewed the filings and applicable law, the Court hereby **GRANTS** the Cart Defendants' motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). And as a result, the Court hereby **DENIES** National's and Win-Holt's Motions for Judgment on the Pleadings, and Win-Holt's Motion for a More Definite Statement Under Rule 12(e) as moot.

## BACKGROUND

    Plaintiff Joretta Williams ("Williams" or "Plaintiff") alleges that in July 2023, she was struck by an Online Grocery Pickup Cart ("OGP Cart") at a Wal-Mart Supercenter. Williams alleges ankle and back injuries from this collision and seeks damages as a result.

    Williams brought suit against Wal-Mart Stores Texas LLC ("Wal-Mart") and the Cart Defendants, on May 22, 2024, in Texas state court.

Defendant Wal-Mart removed the case to federal court on June 21, 2024. On July 1, 2024, Plaintiff filed her First Amended Complaint. Plaintiff alleged against all three Cart Defendants that "[t]his lawsuit involves products liability claims arising from the design, manufacturing, and/or marketing defects of an Online Grocery Pick Up Cart . . . ." The Cart Defendants responded by filing motions to dismiss Plaintiff's product liability claims. The Court ruled on all such motions as moot when Plaintiff filed her Second Amended Complaint on August 8, 2024. In response to the Second Amended Complaint, the Cart Defendants again filed motions to dismiss. Plaintiff then amended her complaint for the third time on September 19, 2024.

The Cart Defendants now bring their most recent motions to dismiss based on Plaintiff's Third Amended Complaint. All three Cart Defendants argue that Plaintiff's Third Amended Complaint fails to state a claim upon which relief can be granted and therefore all claims against the Cart Defendants should be dismissed.

## LEGAL STANDARD

To defeat a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept legal

conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. When there are well-pleaded factual allegations, the Court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

## ANALYSIS

Plaintiff brings claims of products liability negligence, gross negligence, and strict liability against the Cart Defendants. The Third Amended Complaint repeats the same allegations against each Cart Defendant—there are no allegations specific to any Cart Defendant. The Court will analyze all three of Plaintiff's products liability claims at once.

For each claim brought by Plaintiff, causation is a required element. *See Gaulding v. Celotex Corp.*, 772 S.W.2d 66, 68 (Tex. 1989) (negligence based on products liability); *Firestone Steel Prods. Co. v. Barajas*, 927 S.W.2d 608, 613 (Tex. 1996) (strict products liability). To prevail on a products liability claim based on negligence, a plaintiff must show: "(1) a legal duty owed by [the defendant], (2) a breach of that duty, and (3) damages proximately resulting from the breach." *Firestone Steel Prods. Co.*, 927 S.W.2d at 613. And "[a] fundamental principle of traditional products liability law is that the plaintiff must prove that the defendant actually manufactured, sold, distributed, or supplied the product *which caused the injury*." *Gaulding*, 772 S.W.2d at 68 (emphasis added).

As for strict products liability, a plaintiff must show: "(a) the seller is engaged in the business of selling such a product, and (b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold." *Firestone Steel Prods. Co.*, 927 S.W.2d at 613. Like negligence claims, "the plaintiff must prove the defendant supplied the product that *caused the injury*." *Id.* at 614 (emphasis added) ("It is not enough that the seller merely introduced products of similar design and manufacture into the stream of commerce.").

Here, Williams does not allege any non-conclusory allegations that any one of the Cart Defendant's is responsible for selling the specific OGP Cart at issue to Wal-Mart. All three Cart Defendants could not

3

have placed the specific OGP Cart into the stream of commerce that injured Williams. Paragraph eighteen of Plaintiff's Third Amended Complaint states that the OGP Cart was "designed, manufactured, serviced and/or marketed by Defendant Win-Holt." Paragraph twenty-three repeats the same, but about Defendant National. And paragraph twenty-eight repeats the same, but about Defendant Cannon. While Plaintiff's Complaint also includes photographs displaying the OGP Cart, there is no identifying information, and Plaintiff does not allege any, that would indicate which Cart Defendant is responsible for the OGP Cart in question. Such allegations do not "nudge[] [Plaintiff's] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 547.

Recognizing that the Third Amended Complaint fails to demonstrate which specific Cart Defendant manufactured the OGP Cart in question, Plaintiff asks the Court to shift the burden to the Cart Defendants under alternative liability. Therefore, the Court must decide whether Texas law allows Plaintiff to rely on the doctrine of alternative liability. Based on current Texas and Fifth Circuit caselaw, the Court finds that she may not.

Alternative liability, initially adopted by the California Supreme Court in *Summers v. Tice,* 33 Cal. 2d 80, 199 P. 2d 1 (1948), "relaxes the burden of identifying the actual tortfeasor" thereby "allow[ing] the plaintiff to prevail when the traditional rules of causation would prevent recovery." *Gaulding*, 772 S.W.2d at 69. In 1989, the *Gaulding* court, declined to rule on whether Texas recognized alternative liability. *Id.* at 71 ("We are not to be construed as approving or disapproving alternative liability . . . ."). A decade later, the Fifth Circuit stated that "Texas has not yet recognized the theory of 'alternative liability . . . .'" *Garza v. Pfizer, Inc.*, 268 Fed. App'x 270, 276 (5th Cir. 2008).

Plaintiff's Third Amended Complaint cites to no caselaw, and this Court is unaware of any, that recognizes alternative liability in Texas. Thus, the Court finds that the doctrine of alternative liability cannot save Plaintiff from her burden of pleading facially plausible claims demonstrating that the Cart Defendants caused the alleged harm.

4

Since, to establish causation for each of her three claims, Plaintiff must plead that the Cart Defendants "actually manufactured, sold, distributed, or supplied the product which caused the injury," and Texas does not recognize the doctrine of alternative liability, Plaintiff's claims for negligence and strict liability must be dismissed under Rule 12(b)(6).

In light of this disposition, the Court need not address Plaintiff's claims for gross negligence because one's conduct cannot be grossly negligent without meeting the lower burden of negligence. *See Sanders v. Herold*, 217 S.W.3d 11 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

## CONCLUSION

Therefore, the Court **ORDERS** that Counts II (Negligence, Win-Holt), III (Negligence, Cannon), IV (Negligence, National), V (Strict Products Liability, Win-Holt), VI (Strict Products Liability, Cannon), VII (Strict Products Liability, National), IX (Gross Negligence, Win-Holt), X (Gross Negligence, Cannon), and XI (Gross Negligence, National), be **DISMISSED with prejudice** against the Cart Defendants.

**SO ORDERED** on this **4th day of November 2024.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE